IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



03 JAN 14 PM 3: 16

H.D. OF ALABAMA DISTRICT COURT

| | |
|---|---|
| VONNIE L. RILES,<br><br>     Plaintiff,<br><br>v.<br><br>FIRST FAMILY FINANCIAL<br>SERVICES, INC., et al.,<br><br>     Defendants. | CIVIL ACTION NO.<br>02-AR-3118-S |

ENTERED
JAN 14 2003

## MEMORANDUM OPINION

The court has for consideration the motion of plaintiff, Vonnie L. Riles ("Riles"), to remand the above-entitled case to the Circuit Court for Jefferson County, Alabama, Bessemer Division, from which it was removed by defendant, First Family Financial Services, Inc. ("First Family"). The original complaint not only named First Family as a defendant, but Wells Fargo Financial Alabama, Inc. ("Wells Fargo") and George Haney ("Haney") as well. Haney is a resident of the State of Alabama. First Family and Wells Fargo are residents of states other than Alabama. Riles is a resident of Alabama.

Wells Fargo and Haney were served more than thirty (30) days before the removal by First Family. They did not remove the case. First Family was served less than thirty (30) days before it filed its notice of removal, alleging fraudulent joinder or mis-joinder of Wells Fargo and Haney. Although Wells Fargo and Haney purport to join in First Family's removal, their joinder comes too late.



They had the right to remove within thirty (30) days of service upon them, and they did not exercise that right, thus forfeiting it.

First Family's right to remove depends upon whether there was a mis-joinder. The court agrees with First Family that there was a misjoinder. There is no viable connection between the complaint Riles makes against Wells Fargo and Haney and the complaint he makes against First Family. The fact that Riles describes similar transactions or conduct by different defendants does not allow a merger of entirely separate claims into one case. Whether Riles originally intended to destroy diversity and prevent removal by the addition of a non-diverse defendant is not relevant to the jurisdictional inquiry with respect to the removability of the entirely separate action against First Family. The two actions will be severed, the motion to remand will be denied as to the removal by First Family, and the severed action against Wells Fargo and Haney will be remanded.

DONE this 14th day of January, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE